Hillsborough, ⎰
  June, 1898. ⎱

## RICHARDSON v. BAILEY.

The rights of the parties in property attached are to be determined by the
    state of the title at the time of the attachment, and are not affected by the
    fact that the defendant may have subsequently acquired title.

An officer cannot maintain an action upon a receipt for property attached
    unless he is liable to the debtor or some third person.

TROVER.  Facts agreed.  March 3, 1896, Samantha L. Abbott
died, leaving a will in which her husband, Peltiah T. Abbott,
was named as executor and residuary legatee.  April 21, 1896,
Peltiah was appointed executor and gave bond to pay debts and
legacies.  A part of Samantha's estate consisted of two horses,
which were attached April 16, 1896, by the plaintiff, as deputy
sheriff, in a suit against Peltiah.  The defendant became re-
ceiptor, and, upon a demand by Peltiah, as executor, delivered
the horses to him.  In the fall of 1896 a commissioner was ap-
pointed to examine and allow claims against Samantha's estate,
which was thereafter settled in the insolvent course and was
apparently insolvent in fact.

*Osgood & Osgood* and *David A. Taggart*, for the plaintiff.

*George W. Prescott* and *John B. Cavanaugh*, for the defendant.

PEASLEE, J.  The rights of the parties in the property
attached are to be determined by the state of the title at the
time the attachment was made.  Drake Att., s. 245.  They are
not affected by the fact that the defendant may have subse-
quently acquired title.  *Crocker* v. *Pierce*, 31 Me. 177.  It is
suggested that, as the property was in the custody of the re-
ceiptor and the officer intended to hold it under the attachment
against Peltiah, it may be treated as attached as of the date
when the executor's bond was filed.  However this might be, if
the officer then had power to make an attachment, the rule
could not apply when the title was acquired after the officer's
right to act had terminated.  The bond was filed Tuesday, April
21, 1896.  The last day of service for the May term, 1896, was
Monday, April 20 (P. S., c. 219, s. 1; Laws 1893, c. 9), and so
this contention cannot avail the plaintiff.

The title to the personal estate vested in the person named as
executor in the will, as trustee, even before the will was pro-
bated.  *Shirley* v. *Healds*, 34 N. H. 407, 411.  By the filing of

the bond to pay debts and legacies, the title passed to him as an individual. *Batchelder* v. *Russell*, 10 N. H. 39; *Tappan* v. *Tappan*, 30 N. H. 50, 68; *Mercer* v. *Pike*, 58 N. II. 286.

Peltiah made the demand, and the property was delivered to him, as executor. But if he should now attempt, as an individual, to recover its value from the officer upon the ground that the property should not have been delivered to the executor, the title being in the individual, the fact that he represented that the title was in the executor would operate as an estoppel. For this reason the officer is not liable to the owner; and as the debtor had no attachable interest in the property, the officer is not accountable to the creditor. All liability of the officer being thus at an end, he cannot maintain this action against the receiptor. *Whittredge* v. *Maxam*, 68 N. II. 323; *Scott* v. *Whittemore*, 27 N. H. 309, 321.

What the effect of the settlement of the estate in the insolvent course might be upon the liability of the receiptor, is a question not considered. See *Moody* v. *Davis*, 67 N. H. 300.

In accordance with the terms of the agreed case, the plaintiff may have a trial upon the question of Peltiah's title to the horses apart from that derived under the will.

*Case discharged.*

All concurred.